UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO.  1:08cr360 |
| | ) | |
| PLAINTIFFS, | ) | JUDGE SARA LIOI |
| | ) | |
| vs. | ) | |
| | ) | MEMORANDUM OPINION |
| | ) | |
| | ) | |
| LORENZO KEITH, | ) | |
| | ) | |
| DEFENDANT. | ) | |

Before the Court is the motion of defendant Lorenzo Keith ("defendant" or "Keith") for sentence reduction through Amendment 782 to the Drug Quantity Table in U.S.S.G. § 2D1.1. (Doc. No. 113 ["Mot."].) The government opposes the motion. (Doc. No. 114 ["Resp."].) For the reasons that follow, Keith's motion is DENIED.

I. **BACKGROUND**

On January 14, 2010, defendant entered a counseled guilty plea to five counts in the superseding indictment, charging defendant with three counts of possession with intent to distribute cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C), and two counts of being a felon in possession of a firearm or ammunition, in violation of 18 U.S.C. § 922(g). (Doc. No. 61 ["Minutes from Plea Hearing"]; Doc. No. 62 ["Plea Ag."].)

Based upon initial advisory guideline calculations, defendant's Base Level Offense was determined to be 24 under U.S.S.G. § 2K2.1, to which four levels were added under § 2K2.1(b)(6) because the firearms were possessed in connection with another felony, and three levels were deducted for acceptance of responsibility, for an adjusted offense level of 25. However, based on defendant's prior felony convictions, the Court determined that defendant was a career offender under U.S.S.G. § 4B1.1, with a corresponding enhanced offense level of 32. Following a three-level reduction for acceptance of responsibility, the resulting guideline range was 151-188 months. The Court ultimately imposed a 135-month sentence.[1] (Doc. No. 81["Minutes from Sentencing"].)

## II. LAW AND ANALYSIS

Defendant now moves for a sentence reduction under Amendment 782. The authority of the Court to resentence a defendant is limited by statute. *United States v. Houston*, 529 F.3d 743, 748-49 (6th Cir. 2008) (citing *United States v. Ross*, 245 F.3d 577, 585 (6th Cir. 2001)). The sentencing court has no inherent authority to modify an otherwise valid sentence. *United States v. Washington*, 584 F.3d 693, 700 (6th Cir. 2009). Congress allows a district court to modify a term of imprisonment under 18 U.S.C. § 3582(c)(2) when the defendant "has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission . . .

---

[1] This case was originally assigned to the docket of the Hon. Kathleen O'Malley. On March 3, 2011, the case was reassigned to the undersigned.

." Section 3582(c)(2) additionally states that the reduction must be "consistent with applicable policy statements issued by the Sentencing Commission."

The Sentencing Commission, on November 1, 2014, adopted Amendment 782 to the Drug Quantity Table in U.S.S.G. § 2D1.1, resulting in lower guideline ranges for most drug trafficking offenses. The amendment has been given retroactive effect, but offenders may not be released from prison based on this amendment earlier than November 1, 2015.

Defendant is not entitled to a sentence reduction under Amendment 782. Once a defendant is determined to be a career offender under § 4B1.1, if the career offender sentencing range is greater than the initial advisory guideline range, the career offender range controls. U.S.S.G. § 4B1.1(b). Here, the initial advisory calculation resulted in an offense level of 24. Once defendant was found to be a career offender, his offense level became 32. Therefore, the Court ultimately calculated defendant's sentencing range based upon the enhanced offense level set forth in the career offender guidelines.

When a sentencing range is derived from § 4B1.1, and not the amended Drug Quantity Table in § 2D1.1, Amendment 782 is not applicable. *See United States v. Thompson*, 714 F.3d 946, 949 (6th Cir. 2013) (court held previous amendments to drug quantity table did not apply to lower sentence of career offender); *see, e.g., United States v. Nicholson*, No. 3:11-194, 2015 WL 403997, at *2 (M.D. Tenn. Jan. 29, 2015) (defendant was not eligible for sentence reduction under Amendment 782 because his sentencing range was determined by his career offender status). Since defendant was

3

originally sentenced based on the career offender guideline range, this Court lacks jurisdiction under 18 U.S.C. § 3582(c)(2) to modify his sentence. Accordingly, defendant's motion to reduce his sentence (Doc. No. 113) is DENIED.

**IT IS SO ORDERED**.

Dated: April 1, 2015

                                        **HONORABLE SARA LIOI**
                                        **UNITED STATES DISTRICT JUDGE**